**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| ████ ,<br><br>        Plaintiff,<br><br>v.<br><br>The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A",<br><br>        Defendants. | Case No.<br><br>**FILED UNDER SEAL PURSUANT TO W.D. TEX. LOCAL RULE CV-5.2**<br><br>**COMPLAINT** |

### COMPLAINT

Plaintiff ████ (hereinafter, "Plaintiff") hereby brings the present action against the Defendants identified on Schedule "A" attached hereto (collectively, "Defendants") and alleges as follows:

### I. INTRODUCTION

Plaintiff brings this action against the Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise under infringement of Plaintiff's United States utility patent (hereinafter, the "Asserted Patent"). Defendants operate e-commerce stores on Amazon.com and use those stores to market, distribute, offer for sale, and sell infringing products that embody the invention claimed in Plaintiff's Asserted Patent. Plaintiff alleges that Defendants' actions constitute infringement of Plaintiff's Asserted Patent under 35 U.S.C. § 271.

### II. PARTIES

1.      Plaintiff ████ ("Plaintiff") is an individual residing in Guangdong Province, China. Plaintiff is engaged in the development, design, and commercial planning of ████ and ████ products for global distribution, including within the Western District of Texas.

2.      Plaintiff is the owner of United States Patent No. ████████ entitled "████████ ████████," duly and lawfully issued by the United States Patent and Trademark Office on ████████ the "Asserted Patent" or the "████████"). A true and accurate copy of the ████████ is attached as **Exhibit 1**.

3.      Defendants are, on information and belief, individuals and/or business entities that reside in or are organized under the laws of the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the Western District of Texas, through the operation of fully interactive commercial e-commerce stores hosted on Amazon.com under the seller names and storefronts identified on Schedule "A." Defendants market, distribute, and sell ████████ products that infringe the Asserted Patent (the "Infringing Products"), which are offered under the seller names, storefront URLs, and ASIN(s) identified on Schedule "A."

4.      Defendants have offered and sold the Infringing Products through their respective Amazon storefronts operating under the seller names identified on Schedule "A." Each Defendant's store name and storefront URL are identified on Schedule "A."

5.      Each Defendant conducts its operations through a fully interactive commercial storefront hosted on Amazon.com (collectively, the "Infringing Storefronts"). Defendants target consumers in the United States, including the State of Texas, and have offered to sell and, on information and belief, have sold and continue to sell Infringing Products to consumers within the United States, including the State of Texas and the Western District of Texas. Each Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

6.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

### IV. JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendants are foreign entities that do not reside in any judicial district within the United States and, pursuant to 28 U.S.C. § 1391(c)(3), may be sued in any judicial district, including this District. Defendants are subject to personal jurisdiction in this District because each Defendant directly targets business activities toward consumers in the United States, including Texas, through its fully interactive Amazon storefront, and has offered for sale and, on information and belief, has sold and continues to sell Infringing Products to consumers in this District.

### V. JOINDER OF DEFENDANTS

9.      Joinder of accused infringers in patent cases is governed by 35 U.S.C. § 299, which permits joinder of defendants only where: (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the making, using, importing into the United States, offering for sale, or selling of the same accused product; and (2) questions of fact common to all defendants will arise in the action. See 35 U.S.C. § 299(a).

10.     Deciding whether a product is the "same" for purposes of joinder under § 299 applies a less exacting standard than asking whether a defendant's product is literally identical to the product it allegedly copies. *Aquapaw Brands LLC v. Flopet*, No. 2:21-cv-00998-CCW, 2022

U.S. Dist. LEXIS 134797, at *6 (W.D. Pa. July 29, 2022) (citing *In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015)). Rather, the question is whether the products are "the same in all respects relevant to the patent." *Id.*; see also *SitePro, Inc. v. WaterBridge Res., LLC*, No. 6:23-cv-00115-ADA-DTG, 2024 U.S. Dist. LEXIS 72523, at *13 (W.D. Tex. Apr. 22, 2024) (not requiring the products to be literally identical to satisfy 35 U.S.C. § 299(a)).

11.    Here, joinder is not sought based solely on allegations that each Defendant has infringed the same patent. The Infringing Products are, on information and belief, of common original-equipment-manufacturer design and share the same principal structural features — a ███████████████████████████████████████████████████ ██████████████ — and are therefore the same in all respects relevant to the ██████t, and questions of fact common to all Defendants will arise in this action, including whether the ██ Patent is valid and enforceable and whether the Infringing Products infringe Claim 1 of the ██ Patent. A claim chart comparing a representative Infringing Product to Claim 1 of the ██ Patent is attached hereto as **Exhibit 2**. Accordingly, Defendants (and the Infringing Products) have been properly joined under 35 U.S.C. § 299(a).

### VI. GENERAL FACTS

12.    On ██████████████ United States Patent and Trademark Office duly and lawfully issued the '██████, entitled "██████████████," to inventor ████████.

13.    Plaintiff is the owner of all rights, title, and interest in and to the ██████████, including the right to sue and recover for past, present, and future infringement. The Asserted Patent is valid, subsisting, and enforceable, and protects the novel and non-obvious invention embodied in Plaintiff's ██████████, including the structures recited in the claims of the '857 Patent.

14. Since the issuance of the ██████████, Plaintiff has continuously used and asserted his rights in the patented invention in connection with barbecue and grilling products. Plaintiff owns and practices the patented invention as part of his products and has consistently asserted his rights in the invention since the issuance date.

15. Plaintiff develops, markets, and offers for sale in commerce in the United States, including through e-commerce storefronts such as Amazon, products embodying the invention claimed in the ██████████, has continuously used the patented invention in connection with such products.

16. As a result of Plaintiff's use, promotion, and marketing of products embodying the patented invention, together with substantial investments in and preparation for those products, Plaintiff has established a commercial position in the United States market for such products that is directly and adversely affected by Defendants' infringing sales.

17. Plaintiff is engaged in the business of marketing, distributing, and selling barbecue and grilling products throughout the world, including within the Western District of Texas.

18. Recently, Plaintiff discovered that Defendants were operating fully interactive and active e-commerce storefronts on Amazon, through which they were promoting, advertising, marketing, distributing, offering for sale, and selling products that embody the invention claimed in the Asserted Patent without authorization. Defendants' Amazon storefronts, operating under the seller names identified on Schedule "A," are identified as the sources of the Infringing Products.

19. The Asserted Patent has never been assigned or licensed to any Defendant in this matter.

20. Defendants have had full knowledge of Plaintiff's ownership of the Asserted Patent, including its exclusive right to make, use, offer for sale, sell, and import the patented invention.

21.     Each Defendant has targeted sales to Texas residents by setting up and operating an e-commerce storefront on Amazon that targets United States consumers, offers shipping to the United States, including Texas, accepts payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to residents of Texas.

22.     Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through their Amazon storefronts. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully made, used, offered for sale, sold, and/or imported into the United States products that directly infringe one or more claims of the Asserted Patent. Defendants' Amazon storefronts offer shipping to the United States, including Texas.

23.     Defendants' Infringing Products embody each and every limitation of at least one claim of the Asserted Patent, including independent Claim 1. A comparison of the Infringing Products to the claims of the '857 Patent demonstrates that Defendants' products practice the patented invention.

24.     Without Plaintiff's authorization, Defendants have made, used, offered for sale, sold, and/or imported products that incorporate each limitation of one or more claims of the Asserted Patent. These products are sold in Defendants' Amazon storefronts and are depicted in digital images used for product marketing and promotion. The accused products include, without limitation, a ███████████ having the ███████ ███████████████ in the claims of the '███████. The substantial correspondence between Defendants' products and the claimed invention indicates direct copying rather than independent development.

25.     Defendants' sales of Infringing Products violate Plaintiff's exclusive rights under the Asserted Patent and are causing irreparable harm to Plaintiff.

26. Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights, and has caused Plaintiff to suffer irreparable harm.

## COUNT I

## DIRECT PATENT INFRINGEMENT

## (35 U.S.C. § 271(a))

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. The '████████ is a valid and enforceable United States patent duly and lawfully issued by the United States Patent and Trademark Office, in which Plaintiff owns all rights, title, and interest.

29. Plaintiff is the owner of United States Patent ████████████, issued ████████ ████████ (the "Asserted Patent"). The Asserted Patent claims a novel and non-obvious ████████ ████████ that embodies unique structural features and useful improvements over the prior art.

30. The Asserted Patent is valid and enforceable. Plaintiff has not granted any Defendant any license or authorization to make, use, offer for sale, sell, or import any product that practices any claim of the Asserted Patent.

31. Without Plaintiff's permission or authorization, and in willful violation of Plaintiff's exclusive rights under 35 U.S.C. § 271(a), Defendants have unlawfully made, used, offered for sale, sold within the United States, and/or imported into the United States products that infringe one or more claims of the Asserted Patent, including at least independent Claim 1, either literally or under the doctrine of equivalents. A claim chart comparing a representative Infringing Product to Claim 1 of the ████████ is attached hereto as **Exhibit 2**.

32.     The Infringing Products are sold by Defendants through the e-commerce stores operated by Defendants, including but not limited to ███████████ that unlawfully incorporate each limitation of one or more claims of the Asserted Patent.

33.     Defendants' conduct constitutes direct patent infringement pursuant to 35 U.S.C. § 271(a).

34.     Each Defendant has willfully and deliberately infringed the Asserted Patent. Defendants' infringement is obvious, notorious, purposeful, and carried out in disregard of and with indifference to Plaintiff's rights. No Defendant has any good-faith basis to claim that the Infringing Products do not infringe the Asserted Patent. Such willful infringement, undertaken without regard to Plaintiff's patent rights, constitutes egregious conduct sufficient to support an award of enhanced damages pursuant to 35 U.S.C. § 284.

35.     As a result of Defendants' infringement of Plaintiff's exclusive rights under the Asserted Patent, Plaintiff is entitled to recover damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for Defendants' use of the patented invention, together with interest and costs, pursuant to 35 U.S.C. § 284.

36.     Because Defendants' infringement has been willful, the Court may, in its discretion, increase the damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284. This is also an exceptional case entitling Plaintiff to recover its reasonable attorney's fees pursuant to 35 U.S.C. § 285.

37.     Plaintiff is further entitled to injunctive relief to prevent or restrain further infringement of the Asserted Patent pursuant to 35 U.S.C. § 283.

## JURY DEMAND

38.     Plaintiff hereby demands a trial of this action by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment that each Defendant has infringed one or more claims of the Asserted Patent under 35 U.S.C. § 271;

2. An order, pursuant to 35 U.S.C. § 283, enjoining each Defendant, and its officers, agents, employees, affiliates, and all persons acting in concert with them, from further acts of infringement of the Asserted Patent, including but not limited to making, using, selling, offering to sell, importing, or distributing the Infringing Products;

3. An order directing Amazon to disable and remove any listings, advertisements, or sales channels operated by Defendants in connection with the Infringing Products;

4. An order requiring each Defendant to file a written report under oath, within thirty (30) days after service of the injunction, detailing the manner and form in which it has complied with the injunction;

5. An award of damages adequate to compensate Plaintiff for Defendants' infringement of the Asserted Patent, but in no event less than a reasonable royalty, together with interest and costs, pursuant to 35 U.S.C. § 284, in amounts to be proven at trial;

6. A finding that Defendants' infringement has been willful and an award of enhanced damages up to three times the amount of damages found or assessed, pursuant to 35 U.S.C. § 284;

7. A declaration that this is an exceptional case and an award of Plaintiff's reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285;

8. An award of pre- and post-judgment interest as permitted by law; and

9. Such other and further relief as the Court may deem just and proper

Dated: July 28, 2026

Respectfully submitted,

By: /s/ Marjorie Ouyang

Marjorie Ouyang
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com

*Attorney for Plaintiff*